IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LESLIE KAVANAGH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 124-050 |
| | * | |
| TIMOTHY SMITH, individually and in his capacity as a deputy of the Richmond County Sheriff's Office, and RICHARD ROUNDTREE, individually and in his capacity as the Sheriff of Richmond County, State of Georgia, | * * * * * * * * | |
| | * | |
| Defendants. | * | |

O R D E R

Before the Court are Defendants' motion to dismiss (Doc. 4) and motion for summary judgment (Doc. 12).[1] For the following reasons, Defendants' motion to dismiss is **DENIED AS MOOT** and motion for summary judgment **is GRANTED IN PART** and **DENIED IN PART**.

---

[1] Plaintiff failed to respond to Defendants' motions; thus, Defendants' motions are deemed unopposed. L.R. 7.5, SDGa. ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). Additionally, all material facts set forth in Defendants' statement of material facts (Doc. 12-2) are deemed admitted because Plaintiff has not controverted them by filing her own statement of facts or any other materials in opposition. L.R. 56.1, SDGa. ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party.")

## I. BACKGROUND

On March 24, 2022, Defendant Timothy Smith, a deputy with the Richmond County Sheriff's Office ("RCSO"), was dispatched to Plaintiff's business. (Doc. 12-2, at 1.) Upon Defendant Smith's arrival, Sacorya Cody, Plaintiff's former employee, informed him that Plaintiff refused to return her property that was located inside Plaintiff's locked business, including a certificate and equipment. (Id.) Defendant Smith knocked on the business's door and requested to speak with Plaintiff, who answered and admitted to being in possession of Cody's property. (Id. at 2.) Plaintiff, however, refused to return the property and shut the door on Defendant Smith. (Id.) Defendant Smith again knocked on the door in an effort to continue his investigation, and after about thirty minutes, Plaintiff returned to the door but still refused to cooperate. (Id.) Defendant Smith then briefly detained Plaintiff by grabbing her arm and putting her in his patrol vehicle, explaining to her that she was committing theft and obstructing his investigation. (Id; Doc. 12-3, at 2.) After a few minutes, Plaintiff began to cooperate and agreed to return Cody's property. (Doc. 12-2, at 2.) Because of Plaintiff's cooperation, Defendant Smith decided not to arrest Plaintiff and uncuffed her, ending the detention. (Id.; Doc. 12-3, at 2.) Plaintiff was detained for a total of about five minutes. (Doc. 12-3, at 2.)

2

On March 21, 2024, Plaintiff filed this action in the Superior Court of Richmond County, Georgia against Defendant Smith and Richard Roundtree. (Doc. 1-1, at 1.) At all relevant times, Defendant Roundtree was the acting Sheriff at the RCSO. (Id.) Plaintiff's complaint asserts several claims against Defendants in their individual and official capacities. (Id. at 1, 5-7.) Specifically, Plaintiff asserts state law claims for false imprisonment, intentional infliction of emotional distress, and battery, and a federal claim for violation of her Fourth Amendment rights. (Id.) She also asserts claims for vicarious liability, punitive damages, damages, and attorney's fees. (Id. at 8-9.)

Defendants timely removed the action to this Court based on federal question jurisdiction, hinging on Plaintiff's Fourth Amendment claim. (Doc. 1, at 1-2.) Subsequently, on April 29, 2024, Defendants filed a motion to dismiss. (Doc. 4.) Plaintiff failed to respond to the motion to dismiss. Nonetheless, on December 19, 2024, while the motion to dismiss was pending, Defendants filed a motion for summary judgment, to which Plaintiff also failed to respond. (Doc. 12.) In light of Defendants' subsequently filed motion for summary judgment, Defendants' motion to dismiss (Doc. 4) is **DENIED AS MOOT**. The Court now turns to Defendants' motion for summary judgment.

3

## II. LEGAL STANDARD

Defendants move for summary judgment under Federal Rule of Civil Procedure 56. (Doc. 12.) Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor," United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (citation and internal quotation marks omitted).

The moving party has the initial burden of showing the court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). How to carry this burden depends on who bears the burden of proof at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). When the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways: by negating an essential element of the non-movant's case, or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th

Cir. 1991).  Before the Court can evaluate the non-movant's response in opposition, it must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.  Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam).  A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient.  Clark, 929 F.2d at 608.

If—and only if—the movant carries its initial burden, the non-movant may avoid summary judgment only by "demonstrat[ing] that there is indeed a material issue of fact that precludes summary judgment."  Id.  When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden.  Fitzpatrick, 2 F.3d at 1116.  If the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated."  Id.  If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency."  Id. at 1116-17.  The non-movant cannot carry its burden by relying on

5

the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

In this action, the Clerk gave the Parties appropriate notice of the motion for summary judgment and informed them of the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 13.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The time for filing materials in opposition has expired, and the motion is now ripe for consideration.

### III. DISCUSSION

Defendants move for summary judgment on all claims. (Doc. 12.) As noted above, Plaintiff failed to respond; as such, the motion is deemed unopposed. Federal Rule of Civil Procedure 56(e)(3) provides that "[i]f a party . . . fails to properly address another party's assertion of fact . . . , the court may . . . grant summary judgment *if the motion and supporting materials . . . show that the movant is entitled to it*" (emphasis added). Thus, the Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." Howard v. Gee, 538 F. App'x 884, 891 (11th Cir. 2013) (citation and

quotation marks omitted). The Court first addresses the merits of Plaintiff's federal claim, and then turns to the various state law claims.

**A. Count Four: Violation of Civil Rights**

Count Four asserts a claim for "violation of civil rights," alleging Defendants violated the Fourth Amendment. (Doc. 1-1, at 7.) Though the complaint does not specify Count Four's statutory basis, the Court interprets this claim as being brought pursuant to 42 U.S.C. § 1983, which "provides a cause of action for private citizens against persons acting under color of state law for violating their constitutional rights and other federal laws." Gaston v. City of Leesburg, No. 24-10276, 2025 WL 252437, at *1 (11th Cir. Jan. 21, 2025) (citations omitted).

1. § 1983 Official Capacity Claims

Plaintiff brings her § 1983 claim against Defendants in their official capacities. (Doc. 1-1, at 1, 7.) Defendants argue Plaintiff's official capacity claims fail because they are not cognizable under § 1983. (Doc. 12-1, at 2-3.) The Court agrees.

The Eleventh Amendment "bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir.2003) (en banc) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)). Eleventh Amendment immunity may be asserted not only by state officers and state officials, but by

all persons "acting as an 'arm of the State,' which includes agents and instrumentalities of the State." Id. (citing Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429-30 (1997)). The determination of whether a defendant is an "arm of the state" "must be assessed in light of the particular function which the Defendant was engaged when taking the actions out of which liability is asserted to arise." Id. (citation omitted). It is well established that,

> where a sheriff and his deputies are performing their official and authorized duties as state actors—i.e. engaged in general law enforcement functions or making arrests pursuant to state law-they are entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against them in their official capacities.

Frederick v. Brown, No. CV 113-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (citations omitted). Because the alleged conduct pertains only to Defendants' actions acting as state officials carrying out law enforcement activities, they are immune from Plaintiff's § 1983 claim for damages brought against them in their official capacities. Thus, Defendants' motion for summary judgment is **GRANTED** in so far as Plaintiff brought an official capacity claim against them pursuant to § 1983.

2. § 1983 Individual Capacity Claim Against Defendant Smith

Plaintiff also brings her § 1983 claim against Defendant Smith in his individual capacity. (Doc. 1-1, at 7.) Although Plaintiff does not specify what federal claim she brings beyond "Violation

8

of Civil Rights," Count Four alleges "Defendants['] acts constituted an arrest which deprived [Plaintiff] of her right to liberty in violation of the [Fourth] Amendment." (Id.) Thus, the Court interprets this as a claim for false arrest. Defendants argue this claim fails because Defendant Smith had probable cause to arrest Plaintiff and is entitled to qualified immunity. (Doc. 12-1, at 4-7.)

"A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a [§] 1983 claim." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) (citation omitted). If the officer had probable cause at the time of arrest, then a plaintiff's § 1983 claim for false arrest fails. Id. (citation omitted). An officer has probable cause when "the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed." Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010) (citation omitted).

Moreover, "[t]o receive qualified immunity, an officer need not have actual probable cause, but only 'arguable' probable cause." Id. (citations omitted). An officer has arguable probable cause when "reasonable officers in the same circumstances and possessing the same knowledge as the [arresting officer] could have believed that probable cause existed to arrest [the

9

p]laintiff." Id. (citations omitted). If law enforcement officials reasonably but mistakenly conclude probable cause is present, the officials are entitled to immunity. Id. at 734-35 (citations omitted). "The standard is an objective one, and therefore does not include an inquiry in the officer['s] subjective intent or beliefs." Rushing v. Parker, 599 F. 3d 1263, 1266 (11th Cir. 2010) (citation omitted).

"Whether an officer has probable cause or arguable probable cause, or neither, depends on the elements of the alleged crime and the operative fact pattern." Gates v. Khokhar, 884 F.3d 1290, 1298 (11th Cir. 2018) (internal quotation marks and citation omitted). Showing arguable probable cause does not require proving every element of a crime. Scarbrough v. Myles, 245 F.3d 1299, 1302-03 (11th Cir. 2001). An officer is protected by qualified immunity if the officer "had arguable probable cause to arrest for *any* offense." City of Huntsville, 608 F.3d at 735 (emphasis added) (citation omitted).

Defendants argue Defendant Smith had arguable probable cause to arrest Plaintiff for theft, based on Cody and Plaintiff's statements, as well as for obstruction, based on Plaintiff's "refus[al] to cooperate with [Defendant Smith's] investigation." (Doc. 12-1, at 6.)

Georgia law provides that a person commits criminal theft "when he unlawfully takes or, being in lawful possession thereof,

10

unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." O.C.G.A. § 16-8-2. It is undisputed that Plaintiff told Defendant Smith she was in possession of Cody's equipment and certificate but refused to return it because she paid for a part of Cody's training. (Doc. 12-3, at 2.) However, based on his conversations with Plaintiff and Cody, Defendant Smith concluded Plaintiff had not paid for the equipment she possessed, and the training Plaintiff had paid for was unrelated to the certificate she possessed. (Id.) Based on this information, Defendant Smith reasonably determined Plaintiff's possession of Cody's property was wrongful. (Id.) Thus, assuming Plaintiff's brief detention was an "arrest," Defendant Smith had probable cause to believe she was committing theft.

Moreover, Georgia law provides that a person commits criminal obstruction when she "knowingly and willfully obstructs or hinders any law enforcement officer . . . in the lawful discharge of his or her official duties." O.C.G.A. § 16-10-24(a). Thus, when an officer has a reasonable suspicion to be investigating an individual, a refusal to provide identification constitutes obstruction. See Brienza v. City of Peachtree City, 536 F. Supp. 3d 1323, 1329 (N.D. Ga. 2021), *aff'd sub nom.* Brienza v. City of Peachtree City, No. 21-12290, 2022 WL 3841095 (11th Cir. Aug. 30,

11

2022), and *aff'd sub nom.* <u>Brienza v. City of Peachtree City</u>, No. 21-12290, 2022 WL 3841095 (11th Cir. Aug. 30, 2022). Defendant Smith was performing his official duties when investigating the matter at Plaintiff's business. (Doc. 12-3, at 1.) During his investigation, Plaintiff repeatedly refused to provide her information to Defendant Smith and shut the door on him when he informed her she was being investigated for theft. (<u>Id.</u> at 2.) Thus, Defendant Smith also had probable cause to believe Plaintiff was committing obstruction. As such, Defendant Smith is entitled to qualified immunity, and Plaintiff's § 1983 claim for false arrest against him in his individual capacity fails as a matter of law. Defendants' motion for summary judgment on Plaintiff's § 1983 claim against Defendant Smith in his individual capacity is therefore **GRANTED**.

3. <u>§ 1983 Individual Capacity Claim Against Defendant Roundtree</u>

Finally, Plaintiff brings a § 1983 claim against Defendant Roundtree in his individual capacity. (Doc. 1-1, at 7.) Defendants argue this claim fails as a matter of law because there was no constitutional violation, and Plaintiff has not shown a causal connection between Defendant Roundtree's conduct and the alleged false arrest. (Doc. 12-1, at 3-4.)

Government officials cannot be liable under a theory of respondeat superior; thus, the Court assumes Plaintiff seeks to

12

assert her § 1983 claim against Defendant Roundtree under a supervisory liability theory. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*") (citation omitted). However, "[t]here can be no supervisory liability . . . if there was no underlying constitutional violation." Paez v. Mulvey, 915 F.3d 1276, 1291 (11th Cir. 2019) (alteration adopted and citations omitted). Since the Court finds there was no underlying constitutional violation, Defendant Roundtree cannot be liable under a supervisory liability theory for the actions of Defendant Smith. Defendants' motion for summary judgment as to the constitutional claim asserted against Defendant Roundtree in his individual capacity is therefore **GRANTED**.

## B. Remaining State Law Claims

Plaintiff also asserts various state law claims against Defendants. (Doc. 1-1, at 5-9.) However, because the Court finds Defendants are entitled to summary judgment on the sole federal claim brought against them, it declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. See Coleman v. City of South Fulton, No. 1:22-CV-814, 2023 WL 3359628, at *5 (N.D. Ga. May 10, 2023) (declining to rule on state law claims after disposing of federal claim at motion for summary judgment) (citing Ingram v. Sch. Bd. of Miami-Dade Cnty., 167 F.

App'x 107, 108-09 (11th Cir. 2006); see also 28 U.S.C. § 1367(c)(3) (permitting district court to decline exercise of supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"). As such, Defendants' motion for summary judgment as to Plaintiff's state law claims is **DENIED**, and the Court remands this case to the Superior Court of Richmond County for a decision on the remaining state law claims.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 4) is **DENIED AS MOOT**, and Defendants' motion for summary judgment (Doc. 12) is **GRANTED** as to Count 4 and **DENIED** as to the remaining state law claims. The Clerk is **DIRECTED** to remand this case to the Superior Court of Richmond County.

**ORDER ENTERED** at Augusta, Georgia, this ___19th___ day of March, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA